**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORHTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

MAY 0 3 2007

NF,

ARTHUR COLEMAN and ETHELYN COLEMAN,   )

Plaintiff:

MICHAEL W. DOBBINS

v.

AMERIQUEST MORTGAGE COMPANY, ACC
CAPITAL HOLDINGS CORPORATION, AMC
MORTGAGE SERVICES, INC. and DOES 1 – 5,

Defendants.   )

07CV2459
JUDGE FILIP
MAGISTRATE JUDGE   DENLOW

) JURY DEMAND

**CLAIM FOR DAMAGES AND RESCISSION PURSUANT**
**TO THE TRUTH IN LENDING ACT**

Now Comes ARTHUR COLEMAN and ETHELYN COLEMAN, by and through their

attorney, Lloyd Brooks, to file this Complaint against AMERIQUEST MORTGAGE

COMPANY, ACC CAPITAL HOLDINGS CORPORATION, and AMC MORTGAGE

SERVICES, INC. as follows:

**Nature of the Action**

1.      Plaintiffs bring this action against a subprime mortgage lender and its affiliates for

rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to

clearly and conspicuously disclose the borrower's right to cancel in connection with two

mortgage loan transactions.   Additionally, Plaintiffs seek damages from the lender for its

fraudulent, unfair, and deceptive business practice of inflating the loan amount using a falsified

appraisal and charging a loan discount fee when no loan discount was given.

**Parties**

2.      Plaintiffs ARTHUR COLEMAN and ETHELYN COLEMAN reside in a single

family home which they own at 3218 W. Greenwood Pl., Peoria, Illinois 61615.

3.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware

corporation with its principal offices located in Orange, California and maintains offices in and

does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

4.     Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois. AMC is an affiliate of Ameriquest. AMC services loans originated by Ameriquest and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

5.     Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

## Jurisdiction and Venue

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

7.     This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

8.     Venue is proper in this Court as defendants reside within this judicial district.

## Facts Concerning October 12, 2004 Transaction

9.     On October 12, 2004 the Colemans closed a loan in the amount of $227,700 with Ameriquest secured by a mortgage lien against their home.

10.    The following are documents relating to the loan:

   (a)    An incomplete Notice of Right to Cancel, See Exhibit A, attached to this pleading;

   (b)    A document entitled "One Week Cancellation Period", See Exhibit B, attached to this pleading; and,

   (c)    A document entitled "Understanding Your Loan", See Exhibit C.

### Facts Relating to the November 23, 2005 Loan

11.     The Colemans contacted Ameriquest to refinance the October 12, 2004 loan.

12.     At that time Ameriquest offered to refinance the loan at a fixed interest rate of 7.3%.

13.     The Colemans accepted Ameriquest's offer to do the refinance loan with the fixed interest rate as stated.

14.     Subsequently, Ameriquest purported to the Coleman's that their property was appraised at $291,000.  However, Ameriquest knew that the Colemans' home was only worth approximately $230,000.

15.     Based upon Ameriquest's assertion of value, the Colemans agreed to borrow $247,350.00 from Ameriquest.

16.     On November 23, 2005 the Colemans closed the loan with Ameriquest secured by a mortgage lien against their home.

17.     The following are documents relating to the loan:

  (a)     HUD-1 Settlement Statement, See Exhibit D, attached to this pleading;

  (b)     An incomplete Notice of Right to Cancel, See Exhibit E, attached to this pleading;

  (c)     A document entitled "One Week Cancellation Period", See Exhibit F, attached to this pleading; and,

  (d)     A document entitled "Understanding Your Loan", See Exhibit G.

18.     On November 23, 2005 Ameriquest sent a notary public to the Colemans' home to close the loan.  The notary public was unable to explain any of the documents to the Coleman's and did not give the Colemans adequate time to review the many documents themselves.

19.     After the closing was completed the Colemans noticed that they did not receive the 7.3% fixed interest rate they were promised, but instead were given an adjustable rate loan beginning at 7.85% interest rate. The HUD-1 Settlement Statement reveals that the Colemans were charged $9,936.05 as a loan discount fee. A loan discount is properly charged where the lender reduces the interest rate in exchange for the fee. However, no reduction in the interest rate was given by Ameriquest.

20.     Prior to the closing, no one from Ameriquest contacted the Colemans to explain or to disclose that there had been a modification to the loan terms offered. It is Plaintiffs' belief that Ameriquest never intended to make a loan to them on the terms represented to them earlier.

21.     The Colemans were later directed to make payments to AMC.

22.     On information and belief, ACC and/or Ameriquest currently own the Colemans' loan. In the event neither ACC nor Ameriquest own the Colemans' loan, the actual owners are named as Does 1-5.

## Additional Facts Supporting TILA Rescission

23.     Plaintiff needed and used the loans for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

24.     Regulation Z reads in pertinent part:

§226.23

**(a) Consumer's right to rescind.**

(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required

notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(b)*Notice of right to rescind*:**

(1)     In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii)     The consumer's right to rescind the transaction.

(iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv)     The effects of rescission, as described in paragraph (d) of this section.

(v)     The date the rescission period expires.

**(d) *Effects of rescission.***

(1)     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2)     Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3)     If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

25. TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

## Count I – TILA Rescission of October 12, 2004 Transaction

26. Plaintiffs reallege paragraphs 1 to 25 as though they had been fully realleged herein.

27. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

28. The incomplete notice of right to cancel provided to the Colemans failed to properly inform them of their right to cancel the transaction, specifically the incomplete notice failed to inform the Colemans of the date her right to cancel would expire.

29. Furthermore, the Colemans were provided two other documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

30. The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

31. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

32. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

33. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Brenda on the subject loan.

34. The Colemans have exercised their right to rescind the loan. See Exhibit H.

35. More than 20 days has passed since the cancellation of the Colemans' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE ARTHUR COLEMAN and ETHELYN COLEMAN respectfully request that the Court enter judgment in their favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiffs' attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

## Count II – TILA Rescission of November 12, 2005 Transaction

36. Plaintiffs reallege paragraphs 1 to 25 as though they had been fully reallged herein.

37. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs'

rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

38.     The incomplete notice of right to cancel provided to the Colemans' failed to properly inform them of their right to cancel the transaction, specifically the incomplete notice failed to inform the Colemans of the date their right to cancel would expire.

39.     Furthermore, the Colemans were provided two other documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

40.     The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

41.     The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

42.     The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

43.     AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Brenda on the subject loan.

44.     The Colemans have exercised her right to rescind the loan. See Exhibit I.

45. More than 20 days has passed since the cancellation of the Colemans' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE ARTHUR COLEMAN and ETHELYN COLEMAN respectfully request that the Court enter judgment in their favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiffs' attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

## Count III - Fraud

46. Plaintiffs reallege paragraphs 1 to 25 as though they had been fully realleged herein.

47. Ameriquest knew that the Colemans' home was only worth $230,000 at the time of the November 23, 2005, however Ameriquest falsely represented to the Colemans' that the home was worth $290,000.

48. Ameriquest purposely made the misrepresentation regarding the value of the home to falsely inflate the loan amount to the Colemans and thereby inflate the fees and interest payments to be charged to the Colemans.

49. Ameriquest knew of the Colemans' creditworthiness prior to making the representation to the Colemans that they new loan would be made at a fixed interest rate of 7.3%.

50.     Ameriquest knew at the time of making the offer to the Colemans that it would not make a fixed rate loan to the Colemans at 7.3%. However, to induce the Colemans into agreeing to borrow more money Ameriquest mispresented the terms of the offer.

51.     The Colemans reasonably relied upon Ameriquest's representations regarding the value of their home and the offer of the interest rate terms.

52.     The Colemans have suffered damages from Ameriquest's misrepresentations, as now they have borrowed more money against their home than it is worth and have paid significantly more in interest to Ameriquest than they were led to believe.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment in their favor and against Ameriquest in an amount to be proven at trial, award Plaintiffs' their reasonable attorney's fees and costs, and other relief this Court finds just and reasaonable.

### Count IV – Violation of Illinois Consumer Fraud and Deceptive Business Practices Act

53.     Plaintiffs reallege paragraphs 1 to 25 and 47 to 52 as though they had been fully realleged herein.

54.     The Illinois Consumer Fraud and Deceptive Business Practices Act reads in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

55.     Ameriquest's conduct has harmed the Colemans by placing them into a loan with a mortgage amount that is in excess of their home's reasonable market value.

56.     Ameriquest's conduct has further harmed the Coleman's by deceiving them into believing that their loan terms were as agreed with a fixed interest rate of 7.3%, when in fact the loan has a higher interest rate.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment in their favor and against Ameriquest in an amount to be proven at trial, award Plaintiffs' their reasonable attorney's fees and costs, and other relief this Court finds just and reasaonable.

Respectfully Submitted,

Lloyd Brooks

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Brenda Cox Moore*

## Jury Demand

Plaintiff demands trial by jury.

Lloyd Brooks

# EXHIBIT A

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   October 1, 2004
LOAN NO.:   0091809608 - 7430
TYPE:   ADJUSTABLE RATE

BORROWER(S): ARTHUR D COLEMAN        ETHELYN COLEMAN

ADDRESS:        3218 WEST GREENWOOD PLACE
CITY/STATE/ZIP:   PEORIA,IL 61615

PROPERTY:   3218 WEST GREENWOOD PLACE
            PEORIA,  IL  61615

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.  The date of the transaction, which is

| ENTER DOCUMENT SIGNING DATE |
| --- |
|  |

;

or
2.  The date you received your Truth in Lending disclosures;
or
3.  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1600 S Douglass Rd
Anaheim, CA 92806

ATTN:  FUNDING
PHONE: (714)634-3494
FAX:     (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

| ENTER FINAL DATE TO CANCEL |
| --- |
|  |

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
I WISH TO CANCEL

_____
SIGNATURE                                              DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____          _____
BORROWER/OWNER ARTHUR D COLEMAN       Date      BORROWER/OWNER ETHELYN COLEMAN       Date

_____          _____
BORROWER/OWNER                        Date      BORROWER/OWNER                        Date

7777777070707000787652427177444007773 70
7431544621071311543687125400774061737540
3001075564373778012220726272202163111007
0000001680804060059010F

1004-NRC (Rev 01-04)

**BORROWER COPY**

10/01/2004 2:26:26 PM

# EXHIBIT B

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0091809608 - 7430          Borrower(s): ARTHUR D COLEMAN
Date: October 1, 2004                                        ETHELYN COLEMAN

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____          _____     _____
Borrower/Owner  ARTHUR D COLEMAN                         Date

_____          _____
Borrower/Owner  ETHELYN COLEMAN                              Date

_____          _____
Borrower/Owner                                                                    Date

_____          _____
Borrower/Owner                                                                    Date

+-------------------------------------------------------------------------------+
|                          **REQUEST TO CANCEL**                                |
|  **I/We want to cancel loan #**_____.      |
|                                                                               |
|  _____          _____         |
|  Borrower/Owner Signature                            Date                     |
+-------------------------------------------------------------------------------+

77777777070707000076765242717744400777370
74315446210713115436671254007740617737540
30010755043737769122307263712011160231107
0000091095093404120101

850 (10/00)

10/01/2004 2:26:26 PM

**BORROWER COPY**

# EXHIBIT C

# UNDERSTANDING YOUR LOAN

Application Number: 0091809608 - 7430        Date: October 1, 2004

**A LOAN SECURED BY YOUR HOME IS AN IMPORTANT TRANSACTION.** You should be fully informed about the terms and conditions of any mortgage loan that you obtain from us. **While it can vary, the average time to process a loan application is thirty days.** Please maintain a good payment record on all of your outstanding obligations during this time.

**The enclosed documents are not a commitment to make a loan to you or an approval of your loan application.** The estimated costs and terms of your proposed loan are based on the information we have obtained as of today. However, the structure of your loan, including prepayment charges, points, interest rate, repayment term and loan amount are all negotiable as long as the final terms meet our requirements. Think carefully about what terms you want. For example, a loan with a prepayment charge may have a lower interest rate than one without. However, if you know you will sell your home or refinance this loan in the near future, a prepayment charge may not be a good choice.

The costs and terms of any loan we might ultimately approve may be different. We will notify you by telephone if there are any such changes and you can then decide whether you wish to proceed with your application. Included among the enclosed documents are the following:

- **ARM Disclosure and Consumer Handbook on Adjustable Rate Mortgages.** If you applied for an Adjustable Rate Mortgage (ARM) loan, this booklet explains the operation of ARM loans, including how the interest rate and monthly payments can increase.
- **Good Faith Estimate of Settlement Costs.** This provides an estimate of the fees and costs you will pay in connection with your loan.

All the documents and disclosures you receive are important. Please pay particular attention to these, which you will receive at closing:

- **Promissory Note:** This shows the amount of debt you will incur, plus the interest rate and repayment terms.
- **Interest Rate, Payments Due, Fees Paid and Prepayment Charge:** This document shows important terms of your loan, including the amount of your monthly payments, the interest rate and fees, and whether your loan includes a prepayment charge. If you are comparing payments on an old and new loan, make sure you know whether the payments include, or do not include escrows for taxes, insurance and other charges.
- **Truth in Lending Disclosure:** This shows the Annual Percentage Rate and Finance Charge for your loan and other important cost and terms information.
- **HUD-Settlement Statement:** This shows all closing costs and how the proceeds of the loan are distributed.
- **Mortgage/Trust Deed:** This makes your real property security for the loan and says that if you do not meet your loan payment obligations, you can lose your home through foreclosure and the sale of your property.

A loan "closing" will be held to complete the transaction. If you want, you can have an attorney, credit counselor or other representative come to the closing with you. You'll be given your final loan documents and disclosures to review and sign. Don't feel rushed. Don't rely on any representations that are not in writing. Take your time. Ask any questions you have. If you do not agree with or understand something in a closing, tell the person conducting the closing immediately. Don't sign any document until you have received an explanation you understand and are willing to be bound by the contents of the document. Don't let anyone pressure you into obtaining a loan. Consult other lenders, including banks and savings and loans, to confirm that the terms of this loan are acceptable to you; better terms may be available. Mortgage counseling from an independent HUD-approved agency can help you understand a loan offer, assess your credit situation and decide what loan is best for you. We recommend you use it. Free counseling is available at HUD-approved counseling services. To find a counseling service location near you, please call HUD at the following toll free number: **1-800-569-4287.** In addition, please feel free to call us (Ameriquest Mortgage Company) toll free at (866) 461-0913 to discuss any questions concerning your loan or the documents you have

If, under applicable law you are entitled to cancel the loan for any reason during the three business days following closing, **you can cancel your loan with Ameriquest Mortgage Company at no cost during the one week period beginning on the day you sign the loan documents.** During that one week period, please take the loan documents to a credit counselor, attorney, or other knowledgeable advisor to help you make your final decision about the advisability and appropriateness of the loan. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal holidays. If you desire to cancel, you must notify us in writing by either mailing or faxing your "Request to Cancel" to us at the address shown on the Request to Cancel form.

**Thank you for applying to Ameriquest Mortgage Company for a mortgage loan. We look forward to serving you.**

## BORROWER(S) ACKNOWLEDGMENT AT CLOSING

I hereby acknowledge that: 1) I received and read this notice prior to my loan closing; 2) it was reviewed with me again at the loan closing; 3) I understand what is written above; 4) I have received a complete set of my final loan documents on the date set forth below; 5) I am aware that I may cancel my loan for any reason within the one week period.

| Date | Signature   ARTHUR D COLEMAN |
| --- | --- |
| Date | Signature   ETHELYN COLEMAN |
| Date | Signature |
| Date | Signature |

861-OWNER (Rev.05/04)

# EXHIBIT D

## Settlement Statement

**Optional Form for Transactions witho.; Sellers**

**U.S. Department of Housing And Urban Development**

OMB No. 2502-0491

| | |
|---|---|
| Name & Address of Borrower:<br>ARTHUR D. COLEMAN and Ethelyn Coleman<br><br>3218 WEST GREENWOOD PLACE<br>PEORIA, Illinois 61615 | Name & Address of Lender:<br>Ameriquest Mortgage Co<br><br>10660 White Rock Rd , Ste 200 ·<br>Rancho Cordova, California 95670 |

| Property Location:<br>3218 W GREENWOOD PL<br>PEORIA, Illinois 61615 | Settlement Agent:<br>Richmond Title Services, LP | Settlement Date<br>11/22/2005 |
|---|---|---|
| | Place of Settlement:<br>2901 N Dallas Pkwy, Ste 100<br>Plano, Texas 75093 | Disbursement Date:<br>11/30/2005 |

| Form Number: 0136267067 | Mtg. Ins No: | File Number: 1018900 | | |

| L. Settlement Charges | | | M. DISBURSEMENT TO OTHERS | |
|---|---|---|---|---|
| **700. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | 1501 Payoff Loan to AMC Mortgage Service | 228764.42 |
| 701 Loan origination fee      % | | | | |
| 702 Loan Discount .01 % Ameriquest | | 9936.05 | 1502 Courtesy Payment to Capital One Bank and Arthur D. Coleman | 3000.00 |
| 703 Appraisal fee    Ruth Ann Pierson | | 400.00 | | |
| 704 Credit Report | | | 1503 Courtesy Payment to The Heights Bank and Arthur D. Coleman | 988.00 |
| 705 Lender's Inspection fee | | | 1504. | |
| 706 Mtg. Ins Application fee | | | | |
| 707 Assumption fee | | | 1505. | |
| 708 Tax Service to Ameriquest - CA - PR 14 | | 35.00 | | |
| 709 Flood Search to Ameriquest - CA - PR 14 | | 9.00 | 1506 | |
| 710 Processing to Ameriquest - CA - PR 14 | | 826.00 | | |
| 711 Admin Fee to Ameriquest - CA - PR 14 | | 239.00 | 1507. | |
| 712 Application Fee to Ameriquest - CA - PR | | 360.00 | | |
| 713 | | | 1508. | |
| 714 | | | | |
| 715 | | | 1509 | |
| 716 | | | | |
| 717 | | | | |
| Additional Charges ***see attached addendum*** | | 0.00 | 1510 | |
| **800. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | 1511. | |
| 901 Interest from 11/30/2005 to 12/01/2005 @ $ 62.2 /day | | 62.29 | | |
| 902 Mortgage insurance premium for months to | | | 1512 | |
| 903 Hazard insurance premium for months to | | | 1513. | |
| 904 | | | 1514 | |
| 905 | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | 1515 | |
| 1001 Hazard insurance       mo @ $        /mo | | | | |
| 1002 Mortgage insurance     mo @ $        /mo | | | **1520. TOTAL DISBURSED (enter on line 1603)** | 232752.42 |
| 1003 City property taxes     mo @ $        /mo | | | **N. NET SETTLEMENT** | |
| 1004 County property taxes   mo @ $        /mo | | | | |
| 1005 Annual Assessments      mo @ $        /mo | | | 1600 Loan Amount | 247350.00 |
| 1006 School Taxes            mo @ $        /mo | | | | |
| 1007                         mo @ $        /mo | | | | |
| 1008 Aggregate Adjustment | | | 1601. Plus Cash/Check from Borrower (line 1400) | 0.00 |
| **1100. TITLE CHARGES** | | | | |
| 1101 Settlement or closing fee to Richmond Title Services, | | 295.00 | 1602 Minus Total Settlement Charges | 13930.25 |
| 1102 Abstract or title search to Richmond Title Services | | 195.00 | | |
| 1103 Title Examination to Richmond Title Services, LP | | 150.00 | 1603 Minus Total Disbursements to Others | 232752.42 |
| 1104 Title insurance binder to | | | | |
| 1105 Document preparation to | | | 1604. Equals Disbursement to Borrower (after expiration of any applicable rescission period required by law) | 667.33 |
| 1106 Notary fees to Richmond Title Services | | 300.00 | | |
| 1107 Attorney's fees to includes above item #'s | | | | |
| 1108 Title insurance to Richmond Title Services. includes above item # s | | 903.00 | | |
| 1109 Lender's coverage $ 247,350.00/-903.00 903.00 | | 903.00 | | |
| 1110 Owner's coverage $ 0.00 | | 0.00 | | |
| 1111 Delivery Overnight to Richmond Title Ser | | 65.00 | | |
| 1112 Wiring to Richmond Title Services, LP | | | | |
| 1113 ALTA 8 Covenants, Restrictions and Minor | | 95.00 | | |
| 1114 ALTA 8.1 Environmental Protection to Ric | | 65.00 | | |
| 1115 | | | | |
| 1116 | | | | |
| Additional Charges ***see attached addendum*** | | 0.00 | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER FEES** | | | | |
| 1201 Recording Fees   Deed 0.00    Mtg 65.00<br>                      Rel         Sub<br>                      Assgn       Misc | | 65.00 | | |
| 1202 County tax/stamps  Deed 0.00   Mtg 0.00 | | 0.00 | | |
| 1203 State tax/stamps   Deed 0.00   Mtg 0.00 | | 0.00 | | |
| 1204 City tax/stamps    Deed 0.00   Mtg 0.00 | | 0.00 | | |
| 1205 Other Tax to Richmond Title Services Rec | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301 Survey to | | | | |
| 1302 Pest inspection to | | | | |
| 1303 Tax Certificate to Richmond Title Servic | | 69.00 | | |
| 1304 US Recording Fee to Richmond Title Servi | | 2.00 | | |
| 1305 Wire Fee to Richmond Title Services, LP | | 10.00 | | |
| 1306 Abstract Fee | | | | |
| 1307 Attorney Fee | | | | |
| 1308 Search Fee to Richmond Title Services, L | | | | |
| Additional Charges ***see attached addendum*** | | 0.00 | | |
| **1400. TOTAL SETTLEMENT CHARGES (enter on line 1602)** | | 13930.25 | | |

WARNING: It is a crime to knowingly make false statements to the United State or this or any other form. Penalties upon conviction can include a fine or imprisonment. For details see Title 18 U.S. Code Section 1001 and Section 1010.

# EXHIBIT E

LOAN NO.: ~~01085701971010~~

TYPE: **ADJUSTABLE RATE**

BORROWER(S): ARTHUR D. COLEMAN      ETHELYN COLEMAN

ADDRESS:      3218 WEST GREENWOOD PLACE
CITY/STATE/ZIP:   PEORIA,IL 61615

PROPERTY:   3218 WEST GREENWOOD PLACE
            Peoria,  IL  61615

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

ENTER DOCUMENT SIGNING DATE

1.  The date of the transaction, which is
    _____  ;

    or

2.  The date you received your Truth in Lending disclosures;
    or
3.  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**          ATTN:  **FUNDING**
**1600 S Douglass Rd**                   PHONE: (714)634-3494
**Anaheim, CA 92806**                    FAX:   (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must       ENTER FINAL DATE TO CANCEL
send the notice no later than MIDNIGHT of
                                                  _____

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**


_____          _____
SIGNATURE                                                DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.


_Arthur D. Coleman_  11-23-05      _Ethelyn Coleman_  11-23-05
BORROWER/OWNER ARTHUR D. COLEMAN    Date    BORROWER/OWNER ETHELYN COLEMAN    Date

# EXHIBIT F

## ONE WEEK CANCELLATION PERIOD

Loan Number: 0138267067 - 7374          Borrower(s): ARTHUR D COLEMAN
Date: November 23, 2005                                    ETHELYN COLEMAN

**You have the right under Federal or state law to three (3) business days during which you can
cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have
received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important
financial decisions you can make. To give you more time to study your loan documents, obtain
independent advice and/or shop for a loan that you believe suits you better, **we provide you with
one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to
you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires.
Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of
the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the
day the cancellation period ends. You may cancel by signing and dating in the request to cancel box
below or by using any other written statement that provides your loan number and states your desire to
cancel your loan. The written statement must be signed and dated by any one borrower. Your request
must be delivered to:

> Ameriquest Mortgage Company
> 1600 S Douglass Rd Anaheim, CA 92806
> ATTN: Funding Department
> Phone: (714)541-9960
> Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand
what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_Arthur D. Coleman_     11-23-05
Borrower/Owner  ARTHUR D. COLEMAN          Date

_Ethelyn Coleman_     11-23-05
Borrower/Owner  ETHELYN COLEMAN          Date

Borrower/Owner          Date

Borrower/Owner          Date

---

### REQUEST TO CANCEL

I/We want to cancel loan # _____ .

Borrower/Owner Signature          Date

---



000001382870670404220101

11/22/2005 5:42:46 PM

**BORROWER COPY**

# EXHIBIT G

# UNDERSTANDING YOUR LOAN

Application Number: 0138287067 - 7374                                Date: November 23, 2005

**A LOAN SECURED BY YOUR HOME IS AN IMPORTANT TRANSACTION.** You should be fully informed about the terms and conditions of any mortgage loan that you obtain from us. **While it can vary, the average time to process a loan application is thirty days.** Please maintain a good payment record on all of your outstanding obligations during this time.

**The enclosed documents are not a commitment to make a loan to you or an approval of your loan application.** The estimated costs and terms of your proposed loan are based on the information we have obtained as of today. However, the structure of your loan, including prepayment charges, points, interest rate, repayment term and loan amount are all negotiable as long as the final terms meet our requirements. Think carefully about what terms you want. For example, a loan with a prepayment charge may have a lower interest rate than one without. However, if you know you will sell your home or refinance this loan in the near future, a prepayment charge may not be a good choice.

The costs and terms of any loan we might ultimately approve may be different. We will notify you by telephone if there are any such changes and you can then decide whether you wish to proceed with your application. Included among the enclosed documents are the following:

- **ARM Disclosure and Consumer Handbook on Adjustable Rate Mortgages.** If you applied for an Adjustable Rate Mortgage (ARM) loan, this booklet explains the operation of ARM loans, including how the interest rate and monthly payments can increase.
- **Good Faith Estimate of Settlement Costs.** This provides an estimate of the fees and costs you will pay in connection with your loan.

**All the documents and disclosures you receive are important.** Please pay particular attention to these, which you will receive at closing:

- **Promissory Note:** This shows the amount of debt you will incur, plus the interest rate and repayment terms.
- **Interest Rate, Payments Due, Fees Paid and Prepayment Charge:** This document shows important terms of your loan, including the amount of your monthly payments, the interest rate and fees, and whether your loan includes a prepayment charge. If you are comparing payments on an old and new loan, make sure you know whether the payments include, or do not include escrows for taxes, insurance and other charges.
- **Truth in Lending Disclosure:** This shows the Annual Percentage Rate and Finance Charge for your loan and other important cost and terms information.
- **HUD-Settlement Statement:** This shows all closing costs and how the proceeds of the loan are distributed.
- **Mortgage/Trust Deed:** This makes your real property security for the loan and says that if you do not meet your loan payment obligations, you can lose your home through foreclosure and the sale of your property.

A loan "closing" will be held to complete the transaction. If you want, you can have an attorney, credit counselor or other representative come to the closing with you. You'll be given your final loan documents and disclosures to review and sign. **Don't feel rushed. Don't rely on any representations that are not in writing. Take your time.** Ask any questions you have. If you do not agree with or understand something in a document, tell the person conducting the closing immediately. **Don't sign any document until you have received an explanation you understand and are willing to be bound by the contents of the document. Don't let anyone pressure you into obtaining a loan. Consult other lenders,** including banks and savings and loans, to confirm that the terms of this loan are acceptable to you, better terms may be available. Mortgage counseling from an independent HUD-approved agency can help you understand a loan offer, assess your credit situation and decide what loan is best for you. We recommend you use it. **Free counseling is available at HUD-approved counseling services. To find a counseling service location near you, please call** HUD at the following toll free number: 1-800-569-4287. In addition, please feel free to call us (Ameriquest Mortgage Company) toll free at (800) 864-6310 to discuss any questions concerning your loan or the documents you have

If, under applicable law you are entitled to cancel the loan for any reason during the three business days following closing, **you can cancel your loan with** Ameriquest Mortgage Company **at no cost during the one week period beginning on the day you sign the loan documents.** During that one week period, please take the loan documents to a credit counselor, attorney, or other knowledgeable advisor to help you make your final decision about the advisability and appropriateness of the loan. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal holidays. If you desire to cancel, you must notify us in writing by either mailing or faxing your "Request to Cancel" to us at the address shown on the Request to Cancel form.

**Thank you for applying to Ameriquest Mortgage Company for a mortgage loan. We look forward to serving you.**

## BORROWER(S) ACKNOWLEDGMENT AT CLOSING

# EXHIBIT H

# THE BROOKS LAW FIRM

### 15008 Woodlawn Avenue
### Floor One
### Dolton, Illinois 60419

**Lloyd J. Brooks, CPCU**
Attorney at Law

(708) 841-8000 Telephone
(708) 841-8080 Facsimile
lloyd.brooks@thebrooksfirm.com
www.thebrooksfirm.com

March 19, 2007

**VIA CERTIFIED MAIL**
Ameriquest Mortgage Company
1100 Town and Country Road, Suite 200
Orange, California 92868

**VIA CERTIFIED MAIL**
Ameriquest Mortgage Company
Attn: Funding
1600 S. Douglass Road
Anaheim, California 92806

Re:     Notice of Rescission and Lien
        Arthur D. and Ethelyn Coleman, 3218 W. Greenwood Pl., Peoria Illinois 61615
        Ameriquest Mortgage Loan No.: 0091809608

To The Interested Parties Addressed Above:

Please be advised that this office has been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

You are further notified that my clients elect to cancel the loan of October 12, 2004 for failure to comply with the Truth in Lending Act and its implementing regulations, Regulation Z. Pursuant to 15 U.S.C. §1641, demand is made for the identity of the owner of this note and mortgage. Pursuant to 12 U.S.C. §2605, I request an account history, so that I may determine what, if anything, my clients are obligated to repay.

Faithfully yours,

THE BROOKS LAW FIRM


Lloyd J. Brooks


CC:     Client

THE BROOKS LAW FIRM

Notice of Rescission and Lien
Arthur D. and Ethelyn Coleman, 3218 W. Greenwood Pl., Peoria Illinois
March 19, 2007
Page 2

I, Lloyd Brooks, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addresses for each entity addressed above via U.S. mails as indicated above each addressee on March 19, 2007.


_____

Lloyd Brooks

# EXHIBIT I

# THE BROOKS LAW FIRM

**15008 Woodlawn Avenue**
**Floor One**
**Dolton, Illinois 60419**

## Lloyd J. Brooks, CPCU
Attorney at Law

**(708) 841-8000 Telephone**
**(708) 841-8080 Facsimile**
**lloyd.brooks@thebrooksfirm.com**
**www.thebrooksfirm.com**

March 16, 2007

**VIA CERTIFIED MAIL**
AMC Mortgage Services, Inc.
P.O. Box 11000
Santa Ana, California 92711-1570

**VIA CERTIFIED MAIL**
Ameriquest Mortgage Company
Attn: Funding
1600 S. Douglass Road
Anaheim, California 92806

Ameriquest Mortgage Company
1100 Town and Country Road, Suite 200
Orange, California 92868

     Re:    Notice of Rescission and Lien
            Arthur D. and Ethelyn Coleman, 3218 W. Greenwood Pl., Peoria Illinois
            Ameriquest and AMC Mortgage Loan No.: 0138267067

To The Interested Parties Addressed Above:

    Please be advised that this office has been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

    You are further notified that my clients elect to cancel the loan of June 18, 2004 for failure to comply with the Truth in Lending Act and its implementing regulations, Regulation Z. Pursuant to 15 U.S.C. §1641, demand is made for the identity of the owner of this note and mortgage. Pursuant to 12 U.S.C. §2605, I request an account history, so that I may determine what, if anything, my clients are obligated to repay.

Faithfully yours,

THE BROOKS LAW FIRM

Lloyd J. Brooks

CC:    Client

Notice of Rescission and Lien
Arthur D. and Ethelyn Coleman, 3218 W. Greenwood Pl., Peoria Illinois
March 16, 2007
Page 2

 I, Lloyd Brooks, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addresses for each entity addressed above via U.S. mails as indicated above each addressee on March 16, 2007.

 

 

Lloyd Brooks