# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Arthur and Ethelyn Coleman v. Ameriquest Mortgage Company, et al.*; Case No. 07CV2459 | |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Arthur and Ethelyn Coleman's ("Plaintiffs") Complaint as follows.

## NATURE OF THE ACTION

1. Plaintiffs bring this action against a subprime mortgage lender and its affiliates for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel in connection with two mortgage loan transactions. Additionally, Plaintiffs seek damages from the lender for its fraudulent, unfair, and deceptive business practice of inflating the loan amount using a falsified appraisal and charging a loan discount fee when no loan discount was given.

**ANSWER:** The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.

## PARTIES

2.    Plaintiffs ARTHUR COLEMAN and ETHELYN COLEMAN reside in a single family home which they own at 3218 W. Greenwood Pl., Peoria, Illinois 61615.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.**

3.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company has done business in Illinois, has previously maintained an office in Illinois and that its makes more than 26 loans per year. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies the remaining allegations in Paragraph 3 of the Complaint.**

4.    Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois. AMC is an affiliate of Ameriquest. AMC services loans originated by Ameriquest and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. is a foreign corporation and has done business in Illinois. Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in Paragraph 4.**

5.    Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that ACC Capital Holdings Corporation is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois. Defendant denies the remaining allegations in Paragraph 5.**

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

**ANSWER:** **The allegations in Paragraph 6 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

7. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

**ANSWER:** **The allegations in Paragraph 7 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

8. Venue is proper in this Court as defendants reside within this judicial district.

**ANSWER:** **The allegations in Paragraph 8 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

## FACTS CONCERNING OCTOBER 12, 2004 TRANSACTION

9. On October 12, 2004 the Colemans closed a loan in the amount of $227,700 with Ameriquest secured by a mortgage lien against their home.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies those allegations.**

10. The following are documents relating to the loan:

    a. An incomplete Notice of Right to Cancel, See Exhibit A, attached to this pleading;

    b. A document entitled "One Week Cancellation Period", See Exhibit B, attached to this pleading; and,

    c. A document entitled "Understanding Your Loan", See Exhibit C.

**ANSWER:** **Exhibits A-C speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies those allegations.**

## FACTS RELATING TO THE NOVEMBER 23, 2005 LOAN

11. The Colemans contacted Ameriquest to refinance the October 12, 2004 loan.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies those allegations.**

12. At that time Ameriquest offered to refinance the loan at a fixed interest rate of 7.3%.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies those allegations.**

13. The Colemans accepted Ameriquest's offer to do the refinance loan with the fixed interest rate as stated.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies those allegations.**

14. Subsequently, Ameriquest purported to the Coleman's that their property was appraised at $291,000. However, Ameriquest knew that the Colemans' home was only worth approximately $230,000.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies those allegations.**

15. Based upon Ameriquest's assertion of value, the Colemans agreed to borrow $247,350.00 from Ameriquest.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies those allegations.**

16. On November 23, 2005 the Colemans closed the loan with Ameriquest secured by a mortgage lien against their home.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies those allegations.**

17. The following are documents relating to the loan:
    a. HUD-1 Settlement Statement, See Exhibit D, attached to this pleading;
    b. An incomplete Notice of Right to Cancel, See Exhibit E, attached to this pleading;
    c. A document entitled "One Week Cancellation Period", See Exhibit F, attached to this pleading; and,
    d. A document entitled "Understanding Your Loan", See Exhibit G.

**ANSWER:** **Exhibits D-G speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis denies those allegations.**

18. On November 23, 2005 Ameriquest sent a notary public to the Colemans' home to close the loan. The notary public was unable to explain any of the documents to the Coleman's and did not give the Colemans adequate time to review the many documents themselves.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies those allegations.**

19. After the closing was completed the Colemans noticed that they did not receive the 7.3% fixed interest rate they were promised but instead were given an adjustable rate loan beginning at 7.85% interest rate. The HUD-1 Settlement Statement reveals that the Colemans were charged $9,936.05 as a loan discount fee. A loan discount is properly charged where the lender reduces the interest rate in exchange for the fee. However, no reduction in the interest rate was given by Ameriquest.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies those allegations.**

20. Prior to the closing, no one from Ameriquest contacted the Colemans to explain or to disclose that there had been a modification to the loan terms offered. It is Plaintiffs' belief that Ameriquest never intended to make a loan to them on the terms represented to them earlier.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies those allegations.**

21. The Colemans were later directed to make payments to AMC.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies those allegations.**

22. On information and belief, ACC and/or Ameriquest currently own the Colemans' loan. In the event neither ACC nor Ameriquest own the Colemans' loan, the actual owners are named as Does 1-5.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies those allegations.**

### ADDITIONAL FACTS SUPPORTING TILA RESCISSION

23. Plaintiff needed and used the loans for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies those allegations.**

24. Regulation Z reads in pertinent part:

§226.23

**(a) Consumer's right to rescind.**

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

- 6 -

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(b) Notice of right to rescind:**

(1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) Mow to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

**(d) Effects of rescission.**

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

>    (3)     If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section.  When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.  At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence.  Tender of money must be made at the creditor's designated place of business.  If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

**ANSWER:** **The allegations in Paragraph 24 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

25.   TTLA provides in pertinent part:

**12 U.S.C.§1640**

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of¬
>
> (1) any actual damage sustained by such person as a result of the failure;
>
> (2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;
>
> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**ANSWER:** **The allegations in Paragraph 25 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

### COUNT I - TILA RESCISSION  OF OCTOBER 12, 2004 TRANSACTION

26.   Plaintiffs reallege paragraphs 1 to 25 as though they had been fully realleged herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 to 25.**

- 8 -

27. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

**ANSWER:** **The allegations in Paragraph 27 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

28. The incomplete notice of right to cancel provided to the Colemans failed to properly inform them of their right to cancel the transaction, specifically the incomplete notice failed to inform the Colemans of the date her right to cancel would expire.

**ANSWER:** **Defendant denies the allegations of Paragraph 28.**

29. Furthermore, the Colemans were provided two other documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

**ANSWER:** **The documents alleged speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis denies those allegations.**

30. The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.  Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant denies the allegations of Paragraph 30.**

31. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

**ANSWER:** **Defendant denies the allegations of Paragraph 31.**

32. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

**ANSWER:** **The allegations in Paragraph 32 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

33. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Brenda on the subject loan.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies those allegations.**

34. The Colemans have exercised their right to rescind the loan. See Exhibit H.

**ANSWER:** **Exhibit H speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document.**

35. More than 20 days has passed since the cancellation of the Colemans' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

**ANSWER:** **Defendant admits that the loan has not been rescinded.**

### COUNT II - TILA RESCISSION OF NOVEMBER 12, 2005 TRANSACTION

36. Plaintiffs reallege paragraphs 1 to 25 as though they had been fully reallged herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 to 25.**

37.     Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

**ANSWER:     The allegations in Paragraph 37 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

38.     The incomplete notice of right to cancel provided to the Colemans' failed to properly inform them of their right to cancel the transaction, specifically the incomplete notice failed to inform the Colemans of the date their right to cancel would expire.

**ANSWER:     Defendant denies the allegations of Paragraph 38.**

39.     Furthermore, the Colemans were provided two other documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

**ANSWER:     The documents alleged speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies those allegations.**

40.     The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.  Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:     Defendant denies the allegations of Paragraph 40.**

41. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

**ANSWER:** **Defendant denies the allegations of Paragraph 41.**

42. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

**ANSWER:** **The allegations in Paragraph 42 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

43. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Brenda on the subject loan.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies those allegations.**

44. The Colemans have exercised her right to rescind the loan. See Exhibit I.

**ANSWER:** **Exhibit I speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document.**

45. More than 20 days has passed since the cancellation of the Colemans' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

**ANSWER:** **Defendant admits that the loan has not been rescinded.**

## COUNT III - FRAUD

46. Plaintiffs reallege paragraphs 1 to 25 as though they had been fully realleged herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 to 25.**

47. Ameriquest knew that the Colemans' home was only worth $230,000 at the time of the November 23, 2005, however Ameriquest falsely represented to the Colemans' that the home was worth $290,000.

**ANSWER:  Defendant denies the allegations of Paragraph 47.**

48. Ameriquest purposely made the misrepresentation regarding the value of the home to falsely inflate the loan amount to the Colemans and thereby inflate the fees and interest payments to be charged to the Colemans.

**ANSWER:  Defendant denies the allegations of Paragraph 48.**

49. Ameriquest knew of the Colemans' creditworthiness prior to making the representation to the Colemans that they new loan would be made at a fixed interest rate of 7.3%.

**ANSWER:  Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 49, and on that basis denies those allegations.**

50. Ameriquest knew at the time of making the offer to the Colemans that it would not make a fixed rate loan to the Colemans at 7.3%. However, to induce the Colemans into agreeing to borrow more money Ameriquest mispresented the terms of the offer.

**ANSWER:  Defendant denies the allegations of Paragraph 50.**

51. The Colemans reasonably relied upon Ameriquest's representations regarding the value of their home and the offer of the interest rate terms.

**ANSWER:  The allegations in Paragraph 51 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

52. The Colemans have suffered damages from Ameriquest's misrepresentations, as now they have borrowed more money against their home than it is worth and have paid significantly more in interest to Ameriquest than they were led to believe.

**ANSWER:  Defendant denies the allegations of Paragraph 52.**

**COUNT IV - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE**

## BUSINESS PRACTICES ACT

53.     Plaintiffs reallege paragraphs 1 to 25 and 47 to 52 as though they had been fully realleged herein.

**ANSWER:     Defendant incorporates its responses to Paragraphs 1 to 25 and Paragraphs 47 to 52.**

54.     The Illinois Consumer Fraud and Deceptive Business Practices Act reads in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:     The allegations in Paragraph 54 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

55.     Ameriquest's conduct has harmed the Colemans by placing them into a loan with a mortgage amount that is in excess of their home's reasonable market value.

**ANSWER:     Defendant denies the allegations of Paragraph 55.**

56.     Ameriquest's conduct has further harmed the Coleman's by deceiving them into believing that their loan terms were as agreed with a fixed interest rate of 7.3%, when in fact the loan has a higher interest rate.

**ANSWER:     Defendant denies the allegations of Paragraph 56.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: September 6, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 17 -

## CERTIFICATE OF SERVICE

    I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage

BN 1355904v1